Raymond C. Lewis and Edyth F. Lewis v. Commissioner.
Lewis v. Commissioner
Docket No. 67583.
United States Tax Court
T.C. Memo 1959-219; 1959 Tax Ct. Memo LEXIS 27; 18 T.C.M. (CCH) 1059; T.C.M. (RIA) 59219; November 27, 1959
*27 Held, that petitioner Raymond C. Lewis was a bona fide resident of Peru for the entire year 1954 and his earnings as engineer of the fishing boat Sun Splendor in that year were excludable from his gross income under the provisions of section 911(a)(1), I.R.C. 1954. The Sun Splendor did all of its fishing during 1954 either within 3 miles of the coast of Peru or within 200 miles of the coast of Peru. None of its fishing was done within waters under the jurisdiction of the United States. Philip Crittenden, Esq., 602 Scripps Building, San Diego, Calif., for the petitioners. Michael P. McLeod, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioners' income tax for the year 1954 of $4,227.63. He has also determined additions to tax for said year of $297.54 under section 294(d)(1)(A), and $198.36 under section 294(d)(2), I.R.C. 1939. The deficiency results from one adjustment to the income as reported on the joint return which the petitioners filed for the year 1954. That adjustment was "(a) Earnings from fishing boat M/V Sun Splendor $18,060.07." The adjustment was explained in the deficiency notice as follows: "On your 1954 income tax return you excluded from taxable gross income the amount of $18,060.07, representing earnings from fishing boat M/V Sun Splendor. It has been determined that the *29 amount of $18,060.07 represents taxable gross income and is not excludable from gross income under Section 911 of the 1954 Internal Revenue Code." The petitioners assign error as to this determination of the Commissioner as follows: "A. In determining the taxable net income of the petitioners for the year ended December 31, 1954, the Commissioner erroneously included in petitioners' gross income the sum of $18,060.07, which said sum represented the amount earned by the petitioner Raymond C. Lewis, an individual citizen of the United States, as compensation for personal services actually rendered and received from sources without the United States and while he was present in a foreign country or countries for at least 510 full days during a period of 18 consecutive months, said earnings being attributable to said period. "B. In determining the taxable net income of petitioners for the year ended December 31, 1954, the Commissioner erroneously included in petitioners' gross income the sum of $18,060.07, which said sum represented the amount earned by the petitioner Raymond C. Lewis, an individual citizen of the United States, as compensation for personal *30 services actually rendered and received from sources without the United States and while he was a resident of a foreign country for an uninterrupted period which includes the entire taxable year ended December 31, 1954; said earnings being attributable to said period; the sum erroneously included in gross income under this error is the same sum included in gross income under the error set forth in paragraph A above." Petitioners also assign error as to the additions to tax which the Commissioner has determined. Findings of Fact Some of the facts are stipulated and the stipulation of facts is incorporated herein by reference. Raymond C. Lewis and Edyth F. Lewis are and at all times herein were husband and wife. For the year 1954 they filed a timely joint income tax return with the district director of internal revenue, Los Angeles, California. For the year 1954, Raymond received the sum of $18,060.07, as the engineer's share, based on fish tonnage caught by the fishing vessel Sun Splendor while fishing in waters within 200 miles of the coastline of Peru, part of which fishing was within 3 miles of such coastline. Raymond was furnished a withholding statement, Form W-2, for *31 the year 1954 by his employer, Sun Pacific, Inc., setting forth the sum of $18,060.07 as wages and income tax in the amount of $733 was withheld by such employer and reported on the withholding statement. Raymond and Edyth reported on their 1954 income tax return that $733 was withheld; that the sum of $18,060.07 received as his crew share as engineer of the Sun Splendor was excluded from gross income on their joint return filed for the year 1954, contending that such income was excludable under the provisions of the 1954 Code. The Commissioner determined that the crew share received by Raymond in 1954 was properly includible in gross income and determined a deficiency in income tax for 1954. Raymond and Edyth did not file a declaration of estimated tax for the year 1954 and made no payments of estimated tax other than the amount withheld by his employer from his earnings. The Commissioner determined additions to tax under section 294(d)(1)(A) and section 294(d)(2), 1939 Code, for failure to file a declaration of estimated tax and for substantial underestimation of estimated tax for 1954. Prior to the year 1953 and continuously until 1957, Raymond was the engineer of the fishing *32 vessel Sun Splendor. Raymond owned no interest in the Sun Splendor; the operating and majority owner of Sun Splendor was Sun Pacific, Inc., a California corporation. Sun Pacific, Inc., operated a fish cannery in San Diego, California, and was operating owner of a number of fishing vessels which supplied the cannery. Prior to May 2, 1953, the fishing vessel Sun Splendor operated out of San Diego; on May 2, 1953, the Sun Splendor left San Diego for Paita, Peru, arriving in Paita June 7, 1953. From June 7, 1953, until after December 31, 1954, the Sun Splendor fished under a fishing permit from the Government of Peru and operated out of Paita. During this period, June 7, 1953, to after December 31, 1954, the Sun Splendor fished the waters within 200 miles of the coastline of Peru, part of which fishing was within 3 miles of such coastline. Raymond did not return to the United States during 1953 and 1954. From June 7, 1953, until after December 31, 1954, Raymond was ashore in Peru or aboard the Sun Splendor fishing the waters within 200 miles of the coastline of Peru. For the period from June 7, 1953, to after December 31, 1954, the Sun Splendor was under contract to deliver all the *33 fish caught to Compania Pesquera Nor-Pacifico, S.A., a Peruvian subsidiary of Sun Pacific, Inc. The fish delivered to Compania Pesquera Nor-Pacifico, S.A., were refrigerated and shipped, for the most part, to the Sun Pacific cannery in San Diego for canning. The records of the Sun Splendor were kept by Sun Pacific, Inc., the majority and managing owner of the fishing vessel, and accountings were periodically made to the captain and crew thereof. Raymond had a room at the Mirador Hotel in Paita for practically the entire time he was there and kept all of his belongings in his room except his work clothes. Edyth first went to Peru September 5, 1953, when Raymond was due to enter the hospital for an operation, and to see what the country was like and what she would need. She returned to the United States November 11, 1953, to take care of her mother who was ill. On August 9, 1954, Edyth went to Peru for the second time. This time she stayed at the Mirador Hotel in Paita until she and Raymond rented a home in Piura, which was about 30 to 40 miles from Paita. They bought furniture for the rented house in Piura and before she came down the second time, Edyth shipped from the United *34 States all of their household belongings such as dishes, cooking utensils, bed linens, and also their electrical appliances. In October 1954, petitioners bought, in Peru, a Studebaker sedan and a Chevrolet pickup. Petitioners opened two bank accounts in Peru, one September 1953 in Lima, and the other September 1954 in Piura. These accounts are still open. Raymond could travel anywhere in Peru with his seaman's passport. Edyth got a Carnet, which is a resident permit, so that she could travel in Peru. She still has the resident permit and it is still in effect; she has renewed it every year since it was taken out. It was necessary to get this resident permit in order to license the automobiles. Raymond was a bona fide resident of Peru for the entire year 1954. Opinion BLACK, Judge: Petitioner contends that his earnings as engineer of the fishing boat Sun Splendor for the year 1954 are excludable from his gross income for that year on two grounds: (1) that he qualifies under section 911(a)(2), 1954 Code, so that his earnings as engineer of the Sun Splendor in 1954 are excludable from his gross income, and (2) that he was a bona fide resident of Peru for the entire year *35 1954 and his earnings from the Sun Splendor in that year are excludable from his gross income under section 911(a)(1) of the 1954 Code. [1]
It is not necessary to consider and discuss ground *36 (1) mentioned above. At the hearing of this proceeding in Los Angeles, respondent contested both grounds urged by petitioners for exclusion and there was a stipulation of facts filed and considerable oral testimony bearing upon both grounds urged by petitioners. In his brief respondent concedes ground (2) urged by petitioners and states as follows: "The respondent concedes, because of the evidence presented at the trial, and as briefly alluded to in the Argument, that Raymond Lewis was a bona fide resident of Peru during all of 1954 and that his income as engineer of the fishing vessel, SUN SPLENDOR, during that period was properly excluded from gross income within the provisions of Section 911(a)(1), Internal Revenue Code of 1954. The concession of this primary issue as to Raymond and Edyth Lewis disposes of the secondary issue as to additions to tax." This concession of respondent as to Raymond's residence in Peru corresponds with the Findings of Fact which we have made that Raymond was a bona fide resident of Peru for the entire year 1954. We, therefore, hold that the $18,060.07 which Raymond received as compensation for his services as engineer of the *37 fishing boat Sun Splendor was excludable from petitioners' gross income for the year 1954 under the provisions of section 911(a)(1), 1954 Code. Because of this holding it becomes unnecessary to discuss or express any opinion as to the merits of petitioners' ground (1) to which reference has heretofore been made. Decision will be entered for the petitioners. Footnotes
1. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona Fide Resident of Foreign Country. - In the case of an individual citizen of the United States, who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income (as defined in subsection (b)) attributable to such period; but such individual shall not be allowed as a deduction from his gross income any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph.↩